IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

PAO HUE YENG XIONG,                                                        PLAINTIFF
REG. #08898-089

v.                                    2:20CV00160-JM-JTK

C CHATTERS                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Pao Hue Yeng Xiong filed this federal civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi. (Doc. No. 2)[1]  He alleged Defendant violated his Fifth Amendment due process rights when she convicted him of a disciplinary violation in August 2017, while he was incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. Plaintiff requested damages from Defendant.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

---

[1] Plaintiff notified the Court on July 24, 2020 of his transfer to the Parsons House Residential Reentry Center in Milwaukee, Wisconsin. (Doc. No. 3)

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). Plaintiff alleged in his Complaint that Defendant Chatters presided over a disciplinary hearing on August 15, 2017, and violated his constitutional rights in the following ways: possessed a closed mind; possessed bias in deciding the credibility of witnesses and weighing evidence; arbitrarily discredited Plaintiff's verbal evidence while crediting the evidence of prison officials; provided inaccurate documentation of Plaintiff's testimony; and failed to abide by federal regulations. (Doc. No. 2, pp. 8-9) Plaintiff claimed that as a result, he sustained injuries of false imprisonment, defamation and slander; was deprived of six months of telephone, visitation, commissary and work privileges; lost good time which directly extended his duration of confinement; and was subsequently criminally charged in a federal information. (Id., p. 10) In a Motion to Stay which Plaintiff filed with his Complaint (Doc. No. 6),[2] Plaintiff noted that he filed a federal habeas action challenging his disciplinary conviction which currently is pending in the Southern District of Mississippi. Xiong v. Paul, 3:19cv00770-TSL-RPM (S.D. Miss.)

In Ziglar v. Abbasi, the United States Supreme Court held that a federal implied damages remedy applies in three circumstances: "a claim against FBI agents for handcuffing a man in his

---

[2] After this Court denied Plaintiff's Motion to Stay the present action, pending the results of his habeas action (Doc. No. 10), Plaintiff notified the Court that he wished to continue with the prosecution of this action. (Doc. No. 11)

4

own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." 137 S.Ct. 1843, 1860 (2017) (citing Bivens, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980)) The Court also stated that expanding Bivens outside those contexts is "a disfavored judicial activity. Ziglar, 137 S.Ct. at 1857.

In Hawk v. Ecoffey, an inmate alleged that federal officials violated his constitutional rights when they failed to submit the necessary documents related to his federal indictment and conviction. No. CIV. 19-5012-JLV, 2020 WL 999010 * 2 (D.S.D. 2020).   The court held that the inmate appeared to challenge the validity of his conviction, and that his due process claim did not "resemble the Bivens claims approved by the Supreme Court." (Id.) Similarly, this Court finds that Plaintiff Xiong's claim that Defendant Chatters violated his due process rights during his disciplinary hearing does not fall within the three circumstances set forth in Ziglar.

In addition, Plaintiff's allegations against Defendant and his request for damages fall within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994).   In Balisok, the Court held that the plaintiff in that action could not pursue a 42 U.S.C. § 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings.  Id., 520 U.S. at 645.   The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time.   In the earlier case of Heck v. Humphrey, supra, the Supreme Court held that if a

judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.   See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff challenges both the procedures and results of his disciplinary hearing and asks for money damages. The Court finds this challenge to both the results and procedures used in the disciplinary hearing would necessarily imply the invalidity of the violation and resultant punishment, and that Plaintiff has not provided evidence that his sentence was reversed, expunged or called into question by a state tribunal or federal court.

In addition, to state a Fourteenth Amendment due process claim, Plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). Although Plaintiff alleged he lost good time and was subject to numerous restrictions, he was not deprived of life or property; therefore, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. Id. at 847; Sandin v. Conner, 515 U.S. 472, 484 (1995).   A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." Phillips, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" Phillips, 320 F.3d at 847 (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)). However, in this case, Plaintiff's claim of temporary visitation, telephone, commissary, and work restrictions is insufficient to support an atypical and significant

hardship claim, as set forth in Sandin.

To the extent that Plaintiff challenges Defendant's allege failure to follow regulations, that challenge does not support a constitutional claim for relief. See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). And finally, Plaintiff's defamation allegation does not support a constitutional claim for relief. See Siegert v. Gilley, 500 U.S. 226, 233 (1991); Paul v. Davis, 424 U.S. 693, 711-712 (1976).

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendant be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 9th day of September, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  See also Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.